IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONNIE J. WASHBURN,<br><br>                Plaintiff,<br><br>v.<br><br>WRAG PROPERTIES, INC.,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT<br><br>Case No. 2:19-CV-76 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss and Plaintiff's Request for Entry of Default. For the reasons discussed below, the Court will deny Defendant's Motion and Plaintiff's Request.

I. BACKGROUND

Plaintiff received permission to proceed in forma pauperis on February 6, 2019, and his Complaint was filed the same day. Plaintiff asserts a single cause of action under the Residential Lead-Based Paint Hazard Reduction Act ("RLPHRA"). Relevant here, the RLPHRA requires that a seller or lessor "disclose to the purchaser or lessee the presence of any known lead-based paint, or any known lead-based paint hazards, in such housing and provide to the purchaser or lessee any lead hazard evaluation report available to the seller or lessor."[1] The RLPHRA provides a private right of action for treble damages for violation of the Act's disclosure

---

[1] 42 U.S.C. § 4852d(a)(1)(B).

1

requirements.² Plaintiff alleges that Defendant violated the disclosure requirements and seeks treble damages totaling $223,440.

Plaintiff served Defendant on February 25, 2019, making March 18, 2019, the deadline for filing a responsive pleading.³ Defendant did not file a responsive pleading by that date. Rather, the following day, March 19, 2019, Defendant filed a Motion to Dismiss and Plaintiff filed his Request for Entry of Default. Defendant has failed to respond to Plaintiff's Request and the time for doing so has expired. Plaintiff opposes Defendant's Motion to Dismiss, arguing that default should be entered.

## II. DISCUSSION

A. REQUEST FOR ENTRY OF DEFAULT

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." As discussed above, Defendant failed to timely plead or otherwise defend. However, the Clerk has not entered default.

The Court declines to enter default and even if default had been entered, it would be set aside. The Court may set aside a default for good cause.⁴ The good cause standard is a liberal one because "[t]he preferred disposition of any case is upon the merits and not by default judgment."⁵ "In deciding whether to set aside an entry of default, courts may consider, among

---

² *Id.* § 4852d(b)(3), (4).

³ Fed. R. Civ. P. 12(a)(1)(A)(i).

⁴ Fed. R. Civ. P. 55(c).

⁵ *Gomes v. Williams*, 420 F.3d 1364, 1366 (10th Cir. 1970).

2

other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[6]

Here, there is no evidence that Defendant's failure to timely respond was willful, nor is there evidence that allowing this case to proceed on the merits would prejudice Plaintiff. This is especially true given that Defendant filed a responsive pleading just one day late. Finally, Defendant's Motion to Dismiss reflects that there may be a meritorious defense to be presented. Therefore, the Court will not enter default at this time.

B.  MOTION TO DISMISS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiffs as the nonmoving party.[7] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face,"[8] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[9] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[10]

---

[6] *Pinson v. Equifax Credit Information Servs., Inc.* 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992)).

[7] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11] As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[12]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[13] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[15]

Defendant seeks dismissal, arguing that Plaintiff has failed to provide an exhibit or allegation that there is lead-based paint at his dwelling. Defendant's Motion suffers from two fatal flaws. First, it ignores and contradicts the allegations in the Complaint. As set forth above, the Court must accept the allegations in the Complaint as true and view them in the light most favorable to Plaintiff. Here, Plaintiff has alleged that Defendant failed to disclose the presence of lead paint. Implicit within this statement is the presence of lead paint in the dwelling.

---

[11] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[12] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[13] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[14] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[15] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Second, Defendant relies on documents outside the Complaint to support its argument. Defendant has provided the Declaration of James Garner and an attached invoice to refute Plaintiff's allegations. The Court cannot consider either document at this stage. Defendant essentially asks the Court to disregard Plaintiff's allegations and, instead, consider its contrary evidence as dispositive of this action. This is something the Court cannot do at this stage. Therefore, Defendant's Motion to Dismiss must be denied.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 7) is DENIED. It is further ORDERED that Plaintiff's Request for Entry of Default (Docket No. 8) is DENIED.

DATED this 18th day of April, 2019.

BY THE COURT:

Ted Stewart
United States District Judge